UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| ANTONIO ROBEY, ) | |
| ) | |
| Petitioner, ) | Civil No. 6:21-cv-00158-GFVT |
| ) | |
| v. ) | |
| ) | |
| J. GILLEY, WARDEN, ) | **MEMORANDUM** |
| ) | **OPINION & ORDER** |
| Respondent. ) | |

*** *** *** ***

Antonio Robey is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Robey filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] Robey claims that the Bureau of Prisons (BOP) is incorrectly calculating his release date because it is failing to award him time credits that he believes he has earned pursuant to the First Step Act, 18 U.S.C. § 3632. The Respondent filed a response to Robey's petition [R. 13], and Robey has filed a reply brief [R. 14]. Thus, Robey's petition is now ripe for a decision from this Court.

The Court has reviewed Robey's petition but will deny his request for relief as premature. It is true, as Robey claims, that the First Step Act requires the BOP to develop a system in which it provides incentives for prisoners to participate in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d). Those incentives include earning additional time credits, thus allowing eligible prisoners to obtain an earlier release from federal custody. *See id.* However, as this and other federal courts have explained, the BOP has until January 15, 2022 to fully implement these provisions of the First Step Act and start awarding earned time credits. *See, e.g., Martin v. Beard*, No. 0:21-cv-050-HRW, 2021 WL 5625552, at *3 (E.D. Ky. Nov. 30, 2021) (citing and discussing the relevant provisions of the

First Step Act, including but not limited to 18 U.S.C. § 3621(h)); *Miller v. Boncher*, No. 1:21-cv-10967-KAR, 2021 WL 5882597, at *3 (D. Mass. Dec. 13, 2021) (explaining that the BOP is not required to act on First Step Act earned time credits until January 15, 2022). Thus, Robey's request for relief—which is based on a full and immediate implementation of these provisions—is simply premature. Therefore, the Court will deny his petition without prejudice.

This result is consistent with the decisions of numerous federal courts across the country. In fact, as one federal district court recently explained, nearly every court that has considered this issue has concluded that petitioners have no current right to relief since the BOP has until January 15, 2022 to fully implement the relevant provisions of the First Step Act and begin awarding earned time credits. *See Rand v. Fikes*, No. 21-cv-1276, 2021 WL 5569649, at *5 (D. Minn. Sept. 13, 2021) (citing and discussing numerous cases). Indeed, as one court put it, the First Step Act simply "does not require the BOP to begin awarding [earned time credits] during the phase-in period." *Cohen v. United States*, No. 20-cv-10833, 2021 WL 1549917, at *2 (S.D.N.Y. April 20, 2021). Stated another way, the statute "does *not* require the BOP to truncate that [two-year phase-in] process and begin to award [earned time credits] during that period." *Id.* at 3 (emphasis added). In short, Robey's claim is not yet ripe.[1] *See id.*

Accordingly, it is **ORDERED** that:

1. Robey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED** without prejudice.

---

[1] While the Court does not reach the merits of Robey's claim that he has successfully completed authorized evidence-based recidivism reduction programs and other productive activities, the U.S. Attorney's Office represents on behalf of the Respondent that "[n]one of the courses that Robey has taken were BOP recommended and approved" for his particular needs. [*See* R. 13 at 13.] The U.S. Attorney's Office also submitted a sworn declaration from a BOP employee directly supporting this representation. [*See* R. 13-1 at 4-5] (listing the programs that Robey has completed and saying that "[n]one of the above completed courses were BOP recommended and approved . . . for [Robey's] particular needs areas.").

2

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This the 17th day of December, 2021.

Gregory F. Van Tatenhove
United States District Judge